# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| KEVIN HERRIOTT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:19-cv-00626-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| AARON JOYNER, NFN TISDALE, NFN RAY, NFN COMMANDER, and NFN GREENE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on United States Magistrate Judge Kevin McDonald's report and recommendation ("R&R") recommending that the court deny plaintiff Kevin Herriott's ("Herriott") motion for default judgment, request for entry of default, and motion for sanctions/motion to strike defendants' motion for summary judgment, ECF No. 140, and Magistrate Judge McDonald's R&R recommending that the court grant defendants Aaron Joyner, NFN Tisdale, NFN Ray, NFN Commander, and NFN Greene's (collectively, "defendants") motion for summary judgment, ECF No. 147. For the reasons set forth below, the court adopts the R&Rs, denies Herriott's motions, and grants defendants' motion for summary judgment.

## I.  BACKGROUND

Herriott is an inmate within the South Carolina Department of Corrections ("SCDC"). In this action, Herriott alleges that defendants violated his Eighth and Fourteenth Amendment rights while he was housed in Lee Correctional Institution's Restricted Housing Unit by denying him indoor and outdoor recreation and exercise, fresh air, and sunlight exposure. Herriott filed this action on March 4, 2019. Defendants

1

filed a motion for summary judgment on March 10, 2020. ECF No. 127. On March 18, 2020, Herriott filed a motion for default judgment and a request for entry of default, ECF Nos. 132–33, and on March 27, 2020, Herriott filed a motion for sanctions asking the court to strike defendants' motion for summary judgment or to stay the proceedings until defendants produce the requested discovery. ECF No. 134. Defendants responded to the motion for sanctions on April 10, 2020, ECF No. 135, and to the motion for default judgment on April 22, 2020, ECF No. 138. Herriott filed a reply to his motion for sanctions on April 17, 2020. ECF No. 137. On April 27, 2020, the magistrate judge issued an R&R recommending that Herriott's motion for default judgment, request for entry of default, and motion for sanctions be denied. ECF No. 140. Herriott filed a reply to his motion for default that was docketed on April 30, 2020, three days after the R&R had been filed. ECF No. 142.[1] Herriott then filed an objection to this R&R on May 11, 2020, ECF No. 143, and defendants replied on May 26, 2020, ECF No. 145. Herriott filed an unauthorized sur-reply on June 3, 2020. ECF No. 149.

The magistrate judge entered another R&R on May 28, 2020 recommending that defendants' motion for summary judgment be granted. ECF No. 147. Herriott filed objections on June 8, 2020, ECF No. 150, and defendants replied on June 22, 2020, ECF No. 152. Therefore, the objections to both R&Rs are ripe and ready for review.

---

[1] The deadline for Herriott's reply brief was April 29, 2020, and SCDC mailroom received Herriott's reply on April 28, 2020, ECF No. 142-1, meaning that the reply brief was timely filed. However, the R&R was issued prior to the court's receipt of the reply brief on April 30, meaning that the R&R did not consider the reply. Herriott did not object to this; nevertheless, the court reviewed the reply and finds that its substance does not dictate a different outcome than the one discussed below.

## II. STANDARD

The magistrate judge makes only a recommendation to the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the court. Id. at 270-71. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id. However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the magistrate judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

The court begins with the first R&R recommending that Herriott's motions for default judgment and sanctions be denied and then turns to the second R&R recommending that the court grant defendants' motion for summary judgment. Upon review of Herriott's objections, the court overrules them and adopts the R&Rs.

### A. Motion for Default Judgment and Motion for Sanctions

Herriott filed motions for default judgment and for sanctions, arguing that defendants failed to file an answer, respond to discovery requests, and file a dispositive motion by the appropriate deadline. The R&R recommended denying these motions, finding that defendants did file answers, Herriott did not serve any discovery requests on

3

defendants, and defendants filed their motion for summary judgment on March 10, 2020, which was the deadline provided for in the text order found at ECF No. 121.

Herriott first objects to the portion of the R&R that states that "[t]he only remaining claims in this action are those against defendants Warden Joyner, Associate Warden Tisdale, Major Ray, Captain Commander, and Lieutenant Greene for denial of access to outside recreation, fresh air, and sunlight at <u>Broad River Correctional Institution</u>." ECF No. 140 at 1 (emphasis added). Herriott argues that those defendants are former and present employees at Lee Correctional Institution, not at Broad River. The R&R did misstate Herriott's allegation—he alleges denial of access to outside recreation, fresh air, and sunlight at Lee Correctional Institution, as recognized in a previous R&R in this case. ECF No. 57 at 2. Therefore, the court now clarifies that Herriott alleges that he was deprived of access to outside recreation, fresh air, and sunlight at Lee Correctional Institution. However, this misstatement has no bearing on the outcome of the motions. Next, Herriott "objects to the U.S. Magistrate['s] admission that is contrary to Heriott v. Stephen, 6:19-cv-750-DCN-KFM." ECF No. 143 at 2. This objection is too vague for the court afford it any meaningful review; therefore, the court overrules the objection.

Finally, Herriott explains that he mailed a petition for certiorari to the United States Supreme Court on September 26, 2019 in order to appeal the Fourth Circuit's decision on an interlocutory appeal in this case. Herriott filed a motion for a preliminary injunction on March 21, 2019, ECF No. 12, which the court denied on April 11, 2019, ECF No. 24. Herriott appealed that order to the Fourth Circuit, and the magistrate judge stayed the case pending the appeal. The Fourth Circuit dismissed the appeal on July 19,

4

2019 and issued its mandate on August 12, 2019. Herriott now argues that this court does not have jurisdiction over this case while his petition for certiorari is pending. In response, defendants argue that there is no record of a filed petition for certiorari, defendants were never served with or received notice of a petition, Herriott never filed a motion to stay the Fourth Circuit's mandate or a motion to stay proceedings in this court, and that the subject of the interlocutory appeal has no bearing on the merits of the issues currently before the court.

Herriott submitted a response in reply to defendants' reply. Although this filing is procedurally improper, the court will briefly recount Herriott's argument. Herriott explains that on September 26, 2019, he gave instructions to Lieutenant Jackson, a Restricted Housing Unit officer of Lieber Correctional Institution, to mail his certiorari petition to the Supreme Court. Herriott states that he did not find out until January 8, 2020 that the Supreme Court never received his petition, and that he did not file a motion to stay because he thought the Supreme Court had received his petition, making it unnecessary to file a motion to stay.

Herriott's argument that this court has no jurisdiction to consider these motions due to his appeal has no merit. To be sure, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). However, that is only true when filing an appeal with the court of appeals. There is no equivalent rule divesting

a district court of jurisdiction when a petition for certiorari is filed with the Supreme Court.

Moreover, Herriott appealed the court's denial of a preliminary injunction, meaning that it was deprived of jurisdiction only over the "aspects of the case involved in the appeal." Id. The issues currently before the court are unrelated to the preliminary injunction. In addition, the Fourth Circuit issued its mandate on August 12, 2019, ECF No. 52, which reinstated this court's jurisdiction. Therefore, the court has jurisdiction over this matter and can decide the issues currently before it.

The court acknowledges that Herriott was surprised to learn that the Supreme Court did not receive his petition for certiorari and that Herriott did all that he could to file his petition by providing it to a correctional officer to be mailed. However, even if Herriott's petition had been received by the Supreme Court, the district court still retains jurisdiction of the case while the petition is pending, and a stay in the lower court proceedings is not automatic when a party files a petition for certiorari. Instead, the party who filed the petition must file a motion to stay and convince the court that (1) the balance of hardships is in the party's favor and (2) four Supreme Court justices would likely vote to grant a writ of certiorari. New York Times Co. v. Jascalevich, 439 U.S. 1304, 1304 (1978). In other words, Herriott is not entitled to an automatic stay if he files a petition for certiorari. As such, the court overrules Herriott's objections, adopts the R&R, and denies plaintiffs' motions, ECF No. 132–134.

### B. Motion for Summary Judgment

Defendants filed a motion for summary judgment, which the R&R recommends that the court grant based on Herriott's failure to exhaust his administrative remedies.

Defendants submitted the affidavit of Sherman Anderson ("Anderson"), the Branch Chief for the Inmate Grievance Branch, in which Anderson attests that the only grievance filed by Herriott that raises an issue with denial of outdoor exercise was filed after Herriott had commenced this lawsuit. ECF No. 127-3, ¶ 13. Herriott first objects by arguing that the motion for summary judgment is inappropriate, immaterial, and improper at this time and that Herriott "has submitted on May 29, 2020, that U.S. Magistrate, Honorable McDonald have [sic] outrightly reviewed this case and previous cases ruled upon by Honorable McDonald are erroneous in ruling." ECF No. 150 at 1–2. Herriott argued in his motion for sanctions that defendants' motion for summary judgment should be stricken. ECF No. 134 at 1. As discussed above, the magistrate judge recommending denying that motion, and the court agrees with that recommendation. The court is uncertain to what Herriott is referring when he discusses something that he submitted on May 29, 2020; however, any argument that prior rulings by the magistrate judge are erroneous have no bearing on the present matter.

    Next, Herriott argues that this court is without jurisdiction to adjudicate this matter due to the appeal of the preliminary injunction order to the Supreme Court. As explained above, even if Herriott's petition of certiorari had reached the Court, his statement of law is incorrect. Finally, Herriott argues that "[t]he evidence that the defendants have proffered in bad faith is immaterial and has not provided the truth nor disclose to the Plaintiff any and all his production for discovery including any and all requests to staff members and grievances." ECF No. 150 at 2. Again, that argument was addressed in the prior R&R, the magistrate judge found it to be unconvincing, and the court agrees. Moreover, Herriot submits no evidence to doubt the veracity of Anderson's

affidavit. As such, the court overrules Herriott's objections, adopts the R&R, and grants defendants' motion for summary judgment.

## IV.  CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&Rs, **DENIES** Herriott's motions, and **GRANTS** defendants' motion for summary judgment.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**July 13, 2020**
**Charleston, South Carolina**